**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| McKinley Truein Brown, III, | No. CV-17-02824-PHX-DJH (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| County of Maricopa, et al., | |
| Defendants. | |

Plaintiff McKinley Truein Brown, III, who is confined in a Maricopa County Jail, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). The Court ordered Defendant Maricopa County to answer to Count One (Doc. 5 at 5). On April 18, 2018, Plaintiff moved for the appointment of counsel. (Doc. 16). Plaintiff asserts that (i) he is unable to afford counsel, (ii) counsel is better able to cross examine witnesses and present evidence, (iii) Plaintiff's attempts to obtain counsel have been unsuccessful, and (iv) his "incarceration will greatly limit his ability to litigate. The issues involved in this case are complex, and will require significate [sic] research and investigation. Plaintiff has limited access to the law library and limited knowledge of the law." (*Id.* at 1).

## I. DISCUSSION

There is no constitutional right to the appointment of counsel in a civil case. *See Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991); *Ivey v. Bd of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In pro se and *in forma pauperis* proceedings, district courts do not have the authority "to make coercive

appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989). District courts, however, do have the discretion to request that an attorney represent an indigent civil litigant upon a showing of "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Agyeman v. Corrections Corp. Of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff's filings with the Court indicate that Plaintiff is capable of navigating this proceeding and presenting arguments to the Court. Having considered the likelihood of success on the merits and Plaintiff's ability to articulate his claims, the Court does not find that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff remains in a position no different than many pro se prisoner litigants. The Court will deny Plaintiff's "Motion for Appointment of Counsel" (Doc. 16).

## II. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** denying Plaintiff's "Motion for Appointment of Counsel" (Doc. 16).

Dated this 29th day of May, 2018.

Honorable Eileen S. Willett
United States Magistrate Judge